UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD ENYART, *et al.*,

        Plaintiffs,    :

  v.

ANNETTE CHAMBERS-
SMITH, *et al.*,             :

        Defendants.

Case No. 2:24-cv-4302
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Richard Enyart and Shawn Burton are Ohio inmates that filed this action against the warden of Toledo Correctional Institution ("TCI") and five other prison administrators[1] for deliberate indifference under the Eighth Amendment. This matter is before the Court on two motions to dismiss. (ECF Nos. 4, 6.) Plaintiffs have also filed a Motion for Preliminary Injunction. (ECF No. 2.) Because the Motions to Dismiss are dispositive, the Court will address those Motions first.

---

[1] Annette Chambers-Smith (Director of Ohio Department of Rehabilitation and Corrections, "ODRC"), Christopher Lambert (Chief Inspector at ODRC), Rob Jeffreys (Director of Classification at ODRC), Warden Michael Swartz (warden of TCI), and two unknown protective control committee members. (*see generally* Compl.)

I. **Factual Background**

When considering a motion to dismiss, the Court construes the factual allegations in the light most favorable to plaintiffs. *See Gavitt v. Born*, 835 F.3d 623, 639–40 (6th Cir. 2016).

Plaintiffs are inmates at TCI both convicted for serious sex-offenses involving minors. (Compl., ECF No. 1, ¶ 1.)

Mr. Enyart was convicted in 2008, and he is serving a sentence of 365 years to life for child sex crimes, including drugging, raping, and videotaping children. (*Id.*, ¶¶ 9, 18.) While in pretrial custody at an Ohio county jail, Mr. Enyart was targeted and violently attacked by fellow inmates because of the nature of his crimes. (*Id.*, ¶ 16, 18.) Following his conviction, Mr. Enyart was assigned to TCI's protective control unit, effectively separating him from the general population unit of inmates. (*Id.*) Even still, Mr. Enyart has been extorted and threatened by other inmates in the protective control unit because he is a sex-offender. (*Id.*, ¶ 18.)

In 2004, Mr. Burton was convicted for sexually assaulting minors during his time as a Gallia County, Ohio police officer, and he is serving a prison term of twenty-five years to life. (*Id.*, ¶ 19.) Because he was a former police officer and sex offender, Mr. Burton's trial judge recommended that he be placed in the protective control unit for his safety. (*Id.*, ¶ 16.) He was placed in the protective control unit at TCI. (*Id.*, ¶ 10.)

In or around December 2024, two unknown protective control committee members determined that there were no ongoing threats to Plaintiffs' safety and their continued placement in the protective control unit was unnecessary. (*Id.*, ¶

2

15.) Based on the committee's findings, Warden Swartz decided that Plaintiffs should be removed from the protective control unit. (*Id.*, ¶¶ 20–21.) Plaintiffs have submitted grievances seeking to reverse the decision, arguing that they are still at risk for serious injury or death if they are transferred to the general population unit. (*Id.*) According to Plaintiffs, their grievances have been ignored and the decision to remove them from the protective control unit has been affirmed by Mr. Lambert. (*Id.*, ¶ 28.) Plaintiffs are set to be placed in the general population unit. (*Id.*)

## II. Procedural Background

Plaintiffs assert one claim, alleging a violation of the Eight Amendment under 42 U.S.C. § 1983. (Compl., *generally*.) They are suing Ms. Chambers-Smith, Mr. Lambert, Mr. Jeffreys, and Warden Swartz in both their official and individual capacity, and two unknown committee members in their official capacity.[2] (*Id.*)

Plaintiffs have filed a motion for preliminary injunction to stop their removal from TCI's protective control unit. (ECF No. 2.) In response, Warden Swartz and Interested Party State of Ohio moved to dismiss and opposed the preliminary injunction. (ECF Nos. 4, 5.) Subsequently, Ms. Chambers-Smith, Mr. Lambert, Warden Swartz, and Interested Party State of Ohio filed a joint Motion to Dismiss. (ECF No. 6).

---

[2] Plaintiffs do not indicate in the Complaint whether the unknown protective control committee members are being sued in their official capacity and/or personal capacity, so the Court assumes that they are only being sued in their official capacity. *See Qandah v. Johor Corp.*, No. 20-1991, 2021 WL 5446767, at *6 (6th Cir. Nov. 22, 2021).

3

### III.  Motions to Dismiss

#### A.  Standard of Review

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d, 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B. Analysis

The Motions seek dismissal of Plaintiffs' Complaint on three grounds: 1) Eleventh Amendment immunity, 2) failure to state a claim upon which relief can be granted, and 3) qualified immunity. (ECF Nos. 4, 6.)

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)).

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. The Eleventh Amendment bars an action against a state in federal court unless Congress has abrogated its sovereign immunity, or the state has expressly waived the immunity. *Virginia Off. for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011).

The Eleventh Amendment applies not only to suits brought against a state by a citizen of "another State" but also to suits brought by citizens against the state in which they reside. *See Kalyango v. Ohio Univ.*, No. 2:22-CV-2028, 2023 WL 2499867, at *14 (S.D. Ohio Mar. 14, 2023) (Marbley, J.) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). The same immunity applies to an instrumentality of the state, including a state official sued in his or her official capacity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her

5

official capacity ... is no different from a suit against the State itself.") (citations omitted).

Sovereign immunity does not apply in three situations—1) when the state has consented to being sued, 2) when the *Ex Parte Young* exception applies, and 3) when Congress has abrogated a state's immunity. *Id.* The *Ex Parte Young* exception allows a court to "issue prospective injunctive and declaratory relief compelling a state official to comply with federal law...." *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). It applies where the plaintiff alleges "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003) (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)).

Plaintiffs seek monetary damages and injunctive relief against the Moving Defendants in their official capacity. They are barred from seeking monetary damages or retroactive injunctive relief. But the Eleventh Amendment immunity does not bar their request for prospective injunctive relief.

To the extent that they are seeking monetary damages and retroactive injunctive relief, Plaintiffs' § 1983 claim against the Moving Defendants in their official capacity is **DISMISSED.**

2. **Failure to State a Claim**

Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). State

6

employees acting in their official capacity are not "persons" under § 1983. *Id.*; *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable). "To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018) (emphasis added) (quoting *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 562 (6th Cir. 2011)).

        *a)*      *Plaintiffs fail to allege that Ms. Chambers-Smith engaged in unconstitutional conduct.*

Plaintiffs must allege sufficient facts showing that each defendant "through his or her own individual actions, personally violated [their] rights. . ." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original). In that same vein, § 1983 does not "incorporate doctrines of vicarious liability." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986). Rather, to incur liability, a defendant must have directly participated in or encouraged an unconstitutional act. *Alexander v. Carter for Byrd*, 733 F. App'x 256, 263 (6th Cir. 2018). It is not enough to allege that a supervisory defendant played "a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

Plaintiffs allege that Ms. Chambers-Smith is responsible for designating prison protective control units for the ODRC. (Compl., ¶¶ 27, 29.) But they do not allege that she had any direct involvement in the decision to remove them from the

7

protective control unit at TCI. It is not enough to rely on her general job responsibilities to assert a constitutional violation.

Because Plaintiffs' Complaint falls short of the minimal pleading standards, their § 1983 claim against Ms. Chambers-Smith is **DISMISSED**.

>    b)   *Plaintiffs fail to allege that Warden Swartz and Mr. Lambert were deliberately indifferent.*

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement by "ensur[ing] that inmates receive adequate food, clothing, shelter, and medical care" and taking "reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). "'[T]he Constitution does not mandate comfortable prisons,' but the Eighth Amendment proscribes acts of prison officials that 'involve the wanton and unnecessary infliction of pain'. . ." *Schoonover v. Rogers*, No. 21-3970, 2022 WL 12258998, at *6 (6th Cir. Oct. 21, 2022) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

To plead an Eighth Amendment violation based on deliberate indifference, Plaintiffs must allege facts sufficient to establish both an objective and subjective element. *Wilson v. Williams*, 961 F.3d 829, 839-40 (6th Cir. 2020) (citing *Farmer*, at 834). For the objective element, Plaintiffs must allege that they were "incarcerated under conditions that posed a substantial risk of serious harm." *Id.* at 840. For the subjective element, Plaintiffs must allege that each defendant knew that they faced

8

a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id*. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id*.

Beginning with the objective element, Plaintiffs have alleged sufficient facts to establish that they are at a substantial risk of harm. Prison inmates known to have committed sex crimes are at a higher risk of violent attacks by fellow inmates. *Schoonover,* 2022 WL 12258998, at *6 (finding plaintiff met the objective element for deliberate indifference because sex offenders were more vulnerable to attack by other inmates). And Mr. Burton is also in a "vulnerable class" as a former police officer. *Id*.

Nevertheless, Plaintiffs have not alleged sufficient facts to establish the subjective element. Plaintiffs allege that Warden Swartz determined that they should be removed from the protective control unit, and that Mr. Lambert affirmed that decision. Even assuming Warden Swartz and Mr. Lambert were aware of Plaintiffs' status as sex-offenders and Mr. Burton as a former police officer, that alone does not amount to knowledge of a substantial risk of serious harm. *Schoonover*, 2022 WL 12258998, at *6. Rather, they must know about "[Plaintiffs'] specific situation." *Id*. (quotation omitted). Plaintiffs have neither alleged that they have been attacked by fellow inmates at TCI nor identified any specific threats against them. They also do not allege that there are any specific inmates in the general population unit that are likely to attack them. *Gant v. Campbell*, 4 F. App'x

9

254, 256 (6th Cir. 2001). Though Mr. Enyart alleges that he was extorted and threatened while in the protective control unit, he does not allege when that incident took place, or a specific threat from those inmates or others in the general population unit. Because Plaintiffs have not alleged a substantial risk to their safety that is known to Warden Swartz and Mr. Lambert if they are removed from the protective control unit, they have failed to state a claim.

The § 1983 claim against Warden Swartz and Mr. Lambert is **DISMISSED**.

### 3. Unserved Defendants

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served [with a complaint and summons] within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Generally, "the plaintiff bears the burden of perfecting service and proving that proper service was made." *Tepe v. Whirlpool Corp.*, No. 22-5826, 2023 WL 6130297, at *2 (6th Cir. June 2, 2023).

The only remaining Defendants in this action are Mr. Jeffreys and two unknown protective control committee members. Rule 4(m)'s 90-day period to effect service has expired and Plaintiffs have not filed proof of service for these three Defendants. For the reasons stated above, "it would also be both a futile gesture and an uneconomical use of judicial resources to conduct further proceedings against the remaining unserved defendants when the amended complaint fails to state a claim for relief against them." *Cordell v. Town of Signal Mt.*, No. 1:13-CV-137, 2014 WL 5704662, at *17 (E.D. Tenn. Nov. 5, 2014).

Plaintiffs' § 1983 claim against the Unserved Defendants is **DISMISSED** under Rule 4(m) without prejudice.

### IV. Motion for Preliminary Injunction

Plaintiffs' Motion for Preliminary Injunction asks the Court to enjoin enforcement of the decision to remove them from the protective control unit. (ECF No. 2.) Given the Court's conclusion that Plaintiffs have failed to state a claim for relief, they cannot demonstrate that they have a likelihood of success on the merits. Accordingly, their Motion for a Preliminary Injunction is **DENIED**.

### V. CONCLUSION

The Motions to Dismiss (ECF Nos. 4, 6) are **GRANTED**.

Plaintiffs' claim against Mr. Jeffreys and two unknown protective control committee members is **DISMISSED** without prejudice.

Plaintiffs' Motion for Preliminary Injunction (ECF No. 2) is **DENIED**.

The Clerk is **DIRECTED** to terminate this case on the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**